IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD K. MORRIS,
      Petitioner,

vs.                             Case No.:  3:14cv12/MCR/EMT

MICHAEL D. CREWS,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as moot (doc. 11).  The court provided Petitioner an opportunity to respond to the motion to dismiss (*see* doc. 12), but he has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that dismissal of the petition is warranted because this action has been rendered moot by Petitioner's release.

I.      BACKGROUND

Petitioner was convicted on August 20, 2013, in the Circuit Court in and for Jackson County, Florida, Case No. 2011-CF-22, of driving while license suspended or revoked, and sentenced to 366 days in jail, with four months of pre-sentence credit (doc. 1 at 1).  In his habeas petition filed on January 12, 2014, Petitioner challenges the sentencing court's failure to award additional pre-sentence credit of fifty-two days (doc. 1 at 5, 10).  Respondent filed a motion to dismiss the petition

as moot, because Petitioner was released from incarceration on March 1, 2014, with no supervision to follow (doc. 11 at 1–4).

II.    ANALYSIS

Whether an action is moot is a jurisdictional matter because it implicates the Article III requirement that there be a live case or controversy.  United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395–96, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980); Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987).  This case-or-controversy limitation serves "two complementary" purposes—it limits the business of federal courts to "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process," and it defines the "role assigned to the judiciary in a tripartite allocation of power to assure that the federal courts will not intrude into areas committed to the other branches of government."  Geraghty, 445 U.S. at 396 (internal quotations and citation omitted).  Likewise, mootness has two aspects:  "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Id. (internal quotations and citation omitted).  Thus, if an event occurring after the filing of the lawsuit deprives "the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks and citation omitted); see also Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) ("Throughout the litigation, the plaintiff 'must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" (citation omitted)).

"[A] habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot."  Mattern v. Sec'y for Dep't of Corr., 494 F.3d 1282, 1285 (11th Cir. 2007).  In circumstances analogous to those here, the Supreme Court held that a habeas petition challenging the validity of a parole revocation was rendered moot by the expiration of the petitioner's parole revocation sentence during the pendency of the habeas proceeding.  See Spencer, 523 U.S. at 14.  In Spencer, a state prisoner filed a federal habeas petition seeking to invalidate an order revoking his parole on the grounds that he was denied due process in the parole revocation proceeding.  During the pendency of the habeas proceeding, Spencer

completed his term of imprisonment underlying the parole revocation, was re-released on parole, and completed the parole term.  The district court dismissed the petition, and the United States Court of Appeals for the Eighth Circuit affirmed, concluding that Spencer's claim had become moot because Spencer suffered no "collateral consequences" of the revocation order.  *Id.*, 523 U.S. at 5–6. The Supreme Court agreed that Spencer's challenge to the parole revocation order was moot, explaining:

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies [Article III's] case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction.  Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained.  *See, e.g.*, Carafas, *supra*, at 237–238, 88 S. Ct., at 1559–60.

523 U.S. at 7 (citing Carafas v. La Vallee, 391 U.S. 234, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968)). The Court held that although it had been willing to presume the existence of collateral consequences when a petition challenged the validity of a criminal conviction, it would not extend that presumption to a petition challenging the validity of a parole revocation.  Instead, when a petitioner attacking the termination of his parole status is released from custody during the pendency of his habeas proceeding due to the expiration of his parole revocation sentence, the petitioner must prove the existence of continuing "collateral consequences" of the parole revocation in order to meet Article III's standing requirement.  *Id.* at 14; *see also* Lane v. Williams, 455 U.S. 624, 631, 102 S. Ct. 1322, 71 L. Ed. 2d 508 (1982) (involving due process challenge to parole term that became moot when petitioner's parole term ended while the case was on appeal to the Sixth Circuit).  The Court rejected Spencer's arguments that there were a number of possible injuries he could suffer in the future on account of the parole revocation, finding that Spencer's asserted injuries were mere possibilities as opposed to certainties.  Spencer, 523 U.S. at 14–18 (rejecting petitioner's assertions that he continued to suffer collateral consequences of his parole revocation because the revocation could be used to his detriment in a future parole proceeding, could be used to increase his sentence in a future sentencing proceeding, or might be used against him in subsequent proceedings in which

he might appear as a witness or defendant; the asserted injuries were not concrete injuries-in-fact sufficient to satisfy Article III's case-or-controversy requirement).

Here, Petitioner does not attack his underlying conviction for driving while license suspended or revoked; he challenges only the sentence imposed by the trial court, specifically, the court's failure to award additional sentence credit (*see* doc. 1 at 5). His ultimate objective in bringing this habeas action was his immediate, unconditional release from incarceration (*id.* at 10). Because Petitioner has been released from incarceration, however, this court finds that there is no longer a case or controversy to litigate. A favorable decision on the merits would not entitle Petitioner to any additional relief, and therefore he no longer has a "personal stake in the outcome." *See* Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (holding habeas petition moot where petitioner attacked state's calculation of gain time credits, and petitioner was no longer in custody); Graham v. United States Parole Comm'n, 732 F.2d 849, 850 (11th Cir. 1984) (dismissing habeas petition as moot where petitioner ultimately sought release on parole and was released during pendency of habeas action) (quotations omitted); *see also* Diaz v. Kinkela, 253 F.3d 241, 243–44 (6th Cir. 2001) (holding federal habeas petition moot where petitioner challenged additional period of incarceration for "bad time," but petitioner was released from prison during pendency of proceeding after serving the additional "bad time"); Aragon v. Shanks, 144 F.3d 690, 692 (10th Cir. 1998) (holding federal habeas petition moot where petitioner challenged state's application of good time credits, but petitioner had completed term of incarceration and a favorable decision would not reduce his probationary period); *see also, e.g.,* Wharton v. Hood, 23 F. App'x 841(9th Cir. 2001) (unpublished) (holding habeas petition moot where petitioner challenged computation of good time credits, and petitioner had been released from custody); Graham v. Duckworth, 175 F.3d 1019, 1999 WL 147109, at *1 (7th Cir. 1999) (unpublished) (same); United States v. Goss, 96 F. App'x 365 (6th Cir. 2004) (unpublished) (holding defendant's objections to sentencing calculation were moot once he had served his sentence of six months of incarceration and four months of house arrest); Stokes v. Sec'y, Fla. Dep't of Corr., No. 3:13cv450/MCR/CJK, 2014 WL 1572687, at *3–4 (N.D. Fla. Apr. 17, 2014) (unpublished) (holding petitioner's challenge to sentence on grounds of counsel's failure to object to scoresheet errors was rendered moot by petitioner's release from incarceration); Denson v. Buss, No. 4:10cv352/MMP/CJK, 2013 WL 5234434 (N.D. Fla. Sept. 17, 2013) (unpublished)

(dismissing as moot habeas corpus petition challenging probation revocation where revocation sentence expired during pendency of proceeding); Hubbard v. Crosby, No. 3:04cv347/RV/MD, 2005 WL 5957831 (N.D. Fla. Dec. 20, 2005) (unpublished) (where petitioner's ultimate objective in bringing habeas action was to obtain credit on his sentence, petitioner's release upon expiration of his sentence rendered petition moot).

Furthermore, it must be noted that Petitioner does not allege that he may be subjected to future adverse or "collateral" consequences because of the delay in his release, and, even if he did so allege, the mere possibility of future consequences is too speculative to give rise to a case or controversy.[1]  See Graham, 732 F.2d at 850; Bailey, 821 F.2d at 279 (request for expungement of prison disciplinary record rendered moot by prisoner's release from incarceration; mere possibility of future consequences was too speculative to give rise to case or controversy).  Therefore, the instant petition should be dismissed as moot.

## III.  CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L.

---

[1] "Collateral consequences" may keep a controversy alive when a habeas petitioner challenges the propriety of his conviction. Compare Sibron v. New York, 392 U.S. 40, 55, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968) (holding that habeas action in which petitioner challenges propriety of conviction is not rendered moot by petitioner's release from incarceration because collateral consequences of conviction exist, including rendering petitioner unable to engage in certain businesses or serve as official in labor union, rendering him ineligible to serve as juror, subsequently increasing current sentence under state recidivist law, or possibly resulting in revocation of business license); with Lane, 455 U.S. at 631 (refusing to extend presumption of collateral consequences (or willingness to accept hypothetical consequences) to prisoner's challenge to parole portion of sentence and not conviction, thereby requiring habeas petitioner to prove existence of collateral consequences to overcome mootness issue that arose upon expiration of sentence); and Spencer, 523 U.S. at 14 (holding that habeas petitioner challenging parole revocation after his sentence had expired must specifically identify concrete disadvantages or disabilities that had in fact occurred, that were imminently threatened, or that were imposed as a matter of law, and that were attributable to the parole revocation).  In the instant case, as previously noted, Petitioner does not challenge the propriety of his conviction; he challenges only the trial court's failure to award him credit on his sentence.

Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.       That the petition for writ of habeas corpus (doc. 1) be **DISMISSED as moot**.

2.       That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 3<u>rd</u> day of June 2014.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**